### UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WILLIAM BEISEL, III and BRITTANY HAWKINS, Individually and as Parents and Natural Guardians of WILLIAM BEISEL, IV, a Minor | : : : : : | CIVIL ACTION NO. 2:20-CV-04712 |
| Plaintiffs, | : : : | JURY TRIAL DEMANDED |
| v. | : : : | THE HONORABLE GERALD J. PAPPERT |
| SHARKNINJA OPERATING LLC and TARGET CORPORATION, Individually and doing business as "TARGET" | : : : : | |
| Defendants. | : | |

### <u>ORDER</u>

**AND NOW**, this _____ day of _____, 2021, upon consideration of the Petition Under Local Rule 41.2 to Approve Settlement and Distribution, it is hereby **ORDERED** and **DECREED** that the Petition is **GRANTED**. The Court approves the settlement, and orders distribution of the proceeds of the settlement as set forth in paragraph 13 of the Petition.

BY THE COURT:

_____
                                             J.

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WILLIAM BEISEL, III and BRITTANY HAWKINS, Individually and as Parents and Natural Guardians of WILLIAM BEISEL, IV, a Minor | : : : : | CIVIL ACTION NO. 2:20-CV-04712 |
| Plaintiffs, | : : : | JURY TRIAL DEMANDED |
| v. | : : | THE HONORABLE GERALD J. PAPPERT |
| SHARKNINJA OPERATING LLC and TARGET CORPORATION, Individually and doing business as "TARGET" | : : : : | |
| Defendants. | : : | |

## PETITION UNDER LOCAL RULE 41.2 TO
## APPROVE SETTLEMENT AND DISTRIBUTION

1.     Local Rule of Civil Procedure 41.2 requires Court approval of compromise, settlement, distribution, counsel fees, costs and expenses in cases involving a Minor.

2.     William Beisel, IV ("Billy") is a resident of Harleysville, Pennsylvania, and was injured in an accident involving a SharkNinja blender which occurred on September 20, 2018.

3.     Petitioners, William Beisel, III and Brittany Hawkins, are adult individuals residing with their minor son.

4.     Harleysville EMS is owed $440.31 for treatment of Billy.

5.     Meridian Resources has a lien against any third-party recovery by Billy in the amount of $2,917.80, as set forth in Exhibit "A."

6.     Children's Hospital is owed $1,169.41 for treatment of Billy.

7.     Petitioners are aware of no other unpaid claims which have been raised or are outstanding.

8.    On May 20, 2021, the parties to this matter reached a settlement of the claims against Defendants.

9.    The proposed settlement amount is reasonable in light of all circumstances, including the cause of the accident, the nature of the product involved, the injuries sustained, and the value of similar claims.

10.    Petitioners executed fee agreement providing for a fee of 33% of the gross recovery, plus reimbursement of costs.  Given that a minor is involved, a 25% fee is requested pursuant to the numerous prior decisions of the District Court sitting in diversity.

11.    The costs of this litigation amount of $3,912.88.  An itemization of costs is attached as Exhibit "B."

12.    The requested 25% contingent fee of $XX,XXX is appropriate in that:

a.    The fee is below the range of contingent fees charged in the community for product defect accident cases for adults;

b.    Counsel's assumption of representation in this matter included assuming the risk of advancing all costs and expenses in this case;

c.    Recovery of any amounts in this matter was not certain.

d.    Up until the point of settlement, Petitioners' counsel has vigorously litigated this case, including conducting a thorough investigation of the product, drafting and serving discovery and filing letter briefs in support of the discovery disputes; and

e.    Petitioners' counsel has expended a significant amount of time and effort on discovery contests that ultimately led to the settlement of the case at a time before most similar cases would have been settled and in a higher amount.

13.     Petitioners request allocation of the proceeds of the settlement of $XXX as follows:

| | | |
|---|---|---|
| a. | McCann, Dillon, Jaffe & Lamb, LLC (contingency fee) | $XXX |
| b. | McCann, Dillon, Jaffe & Lamb, LLC (reimbursement of costs) | $ 3,912.88 |
| c. | To be paid to Harleysville, EMS | $ 440.31 |
| d. | To be paid to Meridian Resources (lien): | $2,917.80 |
| e. | To be paid to Children's Hospital | $1,169.71 |
| f. | To be deposited in a trust account for William Beisel, IV | $XXX |

14.     Petitioners and the undersigned counsel have arranged for the amount noted on line 13(f) to be deposited in an account as reflected in Exhibit "C."

15.     Defendants do not oppose the relief requested in this Petition. Accordingly, no memorandum of law is attached.

16.     Petitioners have executed a Release on behalf of Billy consistent with the terms of the settlement. *See* Exhibit C attached hereto.

**WHEREFORE**, Petitioners request that the settlement recited above be approved by the Court and the Order in the form attached hereto be entered by the Court.

McCANN DILLON JAFFE & LAMB, LLC


BY: */s/Patrick C. Lamb*
      PATRICK C. LAMB
      Counsel for Plaintiffs

## <u>CERTIFICATE OF SERVICE</u>

I, Patrick C. Lamb, attorney for Plaintiff, certify that the foregoing document has been electronically filed and is available for viewing and downloading from the ECF system.  Service on defendants was completed via email correspondence.

McCANN DILLON JAFFE & LAMB, LLC

BY:   */s/Patrick C. Lamb*
                     PATRICK C. LAMB
                     Counsel for Plaintiffs

# EXHIBIT A



June 16, 2020


Mccann & Wall, LLC
Two Penn Center Plaza
Suite 1110
Philadelphia, PA 19102


Re:  Member:      Brittany Hawkins

     Patient(s):    William Beisel
     Injury Date:   09/20/2018


Dear Attorney Wall:

I have reviewed this file for any additional claims paid on behalf of the above patient(s); the total remains at ▬▬▬▬ If the patient is still treating, additional claims may be paid prior to settlement.

Please contact me to confirm the total subrogation/reimbursement interest prior to settlement.  Thank you for your cooperation.

Sincerely,

*Julie Holzinger*

Julie Holzinger
Subrogation Analyst
P.O. Box 659940
San Antonio TX 78265 - 9939
(262) 523-2674        Fax:  844-634-2520
julie.holzinger@meridianresource.com
**Please note our company is paperless.  To expedite a response to your request, please submit your documentation once - in a single format: Fax, email or via website.**

Fax Server

As of 06/15/2020

# Medical and Rx Paid Claims Itemization - Summary

Subscriber Name: HAWKINS, BRITTANY
Subscriber ID: XXXXX6544
Patient Name: WILLIAM BEISEL
Patient DOB:

Accident Date: 09/20/2018
Accident Type: Other Liability - Product
File Number: 95261913
Patient Total:

Our Client: Anthem Blue Cross Life & Health Insurance Co.
Client Number: G0360SPCANG - 1742227
Lien Type: Standard TPL case

## Medical Claims

| Date(s) of Service | Document Number | Provider Name | Diag Code | Diagnosis Description | Proc Code | Procedure Description | Claim Paid Date | Charged Amount | Paid Amount | Recovery Amount |
|---|---|---|---|---|---|---|---|---|---|---|
| 09/20/2018 | 1827246537T | RADIOLOGY GROUP OF ABINGTON PC | S92421A | Displaced fracture of distal phalanx of right great toe, initial encounter for closed fracture | 73660 | RADIOLOGIC EXAMINATION,TOE OR TOES,MINIM | 10/22/2018 | | | |
| 09/20/2018 | 1827246485G | RADIOLOGY GROUP OF ABINGTON PC | M79671 | Pain in right foot | 73660 | RADIOLOGIC EXAMINATION,TOE OR TOES,MINIM | 10/03/2018 | | | |
| 09/20/2018 | 1827787026T | ABINGTON MEMORIAL HOSPITAL | S92421B | Displaced fracture of distal phalanx of right great toe, initial encounter for open fracture | J0690 | INJECTION, CEFAZOLIN SODIUM, | 10/06/2018 | | | |
| 09/20/2018 | 1828548555T | ABINGTON EMERGENCY PHYSICIAN AS | S92421B | Displaced fracture of distal phalanx of right great toe, initial encounter for open fracture | 99284 | ER DEPARTMENT VISIT FOR EVAL & MANAGEME | 10/14/2018 | | | |
| 09/20/2018 | 1827818A5184 | HARLEYSVILLE AREA EMER MED SVC | S92421A | Unspecified injury of right foot, initial encounter | A0427 | ALS1-EMERGENCY | 10/30/2018 | | | |
| 09/25/2018 | 1829274A2181 | CHILDRENS SURGICAL ASSOCIATES L | S91211A | Laceration without foreign body of right great toe with damage to nail, initial encounter | 99203 | OFFICE OR OTHER OUTPATIENT VISIT | 10/22/2018 | | | |
| 10/01/2018 | 1829306502D | CHILDRENS SURGICAL ASSOCIATES L | S91211D | Laceration without foreign body of right great toe with damage to nail, subsequent encounter | 99213 | OFFICE OR OTHER OUTPATIENT VISIT | 10/22/2018 | | | |
| 10/10/2018 | 1828546862T | CARE NETWORK HIGHPOINT | S99521S | Unspecified injury of right foot, sequela | 99213 | OFFICE OR OTHER OUTPATIENT VISIT | 10/14/2018 | | | |
| 10/30/2018 | 1830548458S | RADIOLOGY ASSOCIATES OF CHOP IN | S91211D | Laceration without foreign body of right great toe with damage to nail, subsequent encounter | 73660 | RADIOLOGIC EXAMINATION,TOE OR TOES,MINIM | 11/03/2018 | | | |
| 10/30/2018 | 1830547637J | CHILDRENS SURGICAL ASSOCIATES L | S91211D | Laceration without foreign body of right great toe with damage to nail, subsequent encounter | 99213 | OFFICE OR OTHER OUTPATIENT VISIT | 11/06/2018 | | | |

As of: 06/16/2020

Fax Server

## Medical and Rx Paid Claims Itemization - Summary

**Subscriber Name:** HAWKINS, BRITTANY
**Subscriber ID:** XXXXX6644
**Patient Name:** WILLIAM BEISEL
**Patient DOB:**

**Accident Date:** 09/20/2018
**Accident Type:** Other Liability - Product
**File Number:** 95261913
**Patient Total:**

**Our Client:** Anthem Blue Cross Life & Health Insurance Co.
**Client Number:** G0360SPCANC - 174227
**Lien Type:** Standard TPL case

### Medical Claims

| Date(s) of Service | Document Number | Provider Name | Diag Code | Diagnosis Description | Proc Code | Procedure Description | Claim Paid Date | Charged Amount | Paid Amount | Recovery Amount |
|---|---|---|---|---|---|---|---|---|---|---|
| 10/30/2018 | 18310470683 | CHILDRENS HOSPITAL OF PHILADELP | S912 11D | Laceration without foreign body of right great toe with damage to nail, subsequent encounter | 73660 | RADIOLOGIC EXAMINATION,TOE OR TOES,MINIM | 11/08/2018 | | | |
| | | | | | | **Medical Claim Totals:** | | | | |

## Payment Information and Report Totals

| | Recovery Date | Total Charged | Total Paid Amount | Recovery Amount |
|---|---|---|---|---|
| Totals for Medical and Rx Claims: | | | | |
| Current Lien Amount: | | | | |

# EXHIBIT B

8:40 PM
04/22/21
Accrual Basis

# McCann & Wall LLC
## Unbilled Costs by Job
### All Transactions

| Type | Date | Source Name | Memo | Amount |
|------|------|-------------|------|--------|
| **Beisel, IV, William** | | | | |
| **211079** | | | | |
| Check | 11/29/2018 | Harleysville Area Emergency M... | 211079/William Beisel, IV/william beisel IV | |
| Check | 01/03/2019 | CHOP Care Network HighPoint | 211079/William Beisel, IV/william beisel IV-dob 1/18/17 | |
| Check | 06/25/2020 | Children's Hospital Of Philadelp... | 211079/William Beisel, IV/50567-beisel | |
| Check | 07/09/2020 | CIOX HEALTH | 211079/William Beisel, IV/invoice #0310394414 | |
| Check | 07/09/2020 | CIOX HEALTH | 211079/William Beisel, IV/invoice #0310306839 | |
| Credit Card ... | 08/06/2020 | Prothonotary | 211079/William Beisel, IV/AMEX research | |
| Credit Card ... | 08/25/2020 | Prothonotary | 211079/William Beisel, IV/AMEX -filing of complaint | |
| Check | 01/28/2021 | Van, DPM, Jennifer | 211079/William Beisel, IV/fee for IME | |
| Check | 03/25/2021 | Van, DPM, Jennifer | 211079/William Beisel, IV/fee for IME | |
| Total 211079 | | | | |
| Total Beisel, IV, William | | | | |
| TOTAL | | | | |

# EXHIBIT C

DocuSign Envelope ID: 12C7DCC4-C496-49D8-814C-FCEE6E87AD2B

## CONFIDENTIAL SETTLEMENT AGREEMENT AND GENERAL RELEASE IN FULL OF ALL CLAIMS

### PARTIES

The Parties to this Confidential Settlement Agreement and General Release ("Release," "Agreement" or "Settlement Agreement") are William Beisel, III and Brittany Hawkins (hereinafter "Releasor" or "Releasors" as appropriate) and SharkNinja Operating, LLC, and all of its parent/holding companies and subsidiaries and affiliated entities, as well as its insurer(s) specifically including but not limited to Indian Harbor Insurance Company, and all affiliated companies and their agents, servants, successors, heirs, executors, administrators and all other persons firms, corporations, associations or partnerships (hereinafter collectively "SharkNinja"), and Target Corporation, and all of its parent/holding companies, subsidiaries and affiliated entities, including but not limited to its Third Party Administrators and insurers Sedgwick Claims Management Services, Inc., ACE American Insurance Company, respectively and all affiliated companies and their agents, servants, successors, heirs, executors, administrators and all other persons firms, corporations, associations or partnerships (hereinafter collectively "Target") and (SharkNinja and Target, collectively hereinafter "Releasees").

### RECITALS

**WHEREAS**, Releasors contend that on or about September 20, 2018, William Beisel, IV (hereinafter Minor Plaintiff) was allegedly struck and injured by a blade from a Ninja Professional 1000W blender ("Blender") that was designed and manufactured by SharkNinja and sold by Target ("Incident"), and

**WHEREAS**, the Releasors contend that as a result of the Incident, the Minor Plaintiff suffered personal bodily injuries, and

**WHEREAS**, Releasors had instituted suit against SharkNinja and Target in the Court of Common Pleas, Philadelphia County, Pennsylvania, August Term 2020, No. 002143, in a case styled: William Beisel, III and Brittany Hawkins, Individually and as Parents and Natural Guardians of William Beisel, IV, a Minor v. SharkNinja Operating, LLC and TARGET Corporation, Individually and doing business as "TARGET," that was subsequently removed to the United States District Court for the Eastern District of Pennsylvania, Case No. 2:20-CV-04712 (hereinafter "LAWSUIT"), for claims that the Blender was defective, and

**WHEREAS**, the Parties were each represented by counsel and wish to amicably resolve this matter and have in fact entered into a privately negotiated settlement agreement, and have agreed to resolve any and all claims and causes of action on behalf of the Minor Plaintiff arising against releasees out of or related to the Incident and the aforementioned Blender involved as set forth in the LAWSUIT, including releasing any other person or entity involved in the design, manufacture and/or sale of the Blender; and

**WHEREAS**, the Parties desire to enter into this Confidential Settlement Agreement and General Release of All Claims, the Parties thus enter into the following Release:

DocuSign Envelope ID: 12C7DCC4-C496-49D8-814C-FCEE6E87AD2B

## RELEASE

1.    **Settlement.**  In consideration of cash payment and periodic payments in the present value amount of ▟▟▟▟▟▟▟▟▟▟▟▟▟▟▟▟▟▟▟▟▟▟▟▟▟, as further outlined below, Releasors on behalf of the Minor Plaintiff hereby release the Releasees and their respective insurers as more fully set forth herein from any and all claims of the Minor Plaintiff for damages arising out of the subject matter of this claim as set forth above.  This Release fully and completely encompasses any and all claims for economic and noneconomic damages, punitive damages, attorney's fees, interest, contribution, indemnity or injunctive relief that were brought in the LAWSUIT.  This is a full and final settlement of all claims in the LAWSUIT, but reserves any future claims against entities other than Releasees for medical malpractice or other claims against parties other than Releasees; it is the clear and stated intention of the Releasees to have no further liability, at law or in equity, to either Releasors individually, any other person or entity, or anyone claiming through them only as it relates to the subject matter of the LAWSUIT.[1]

<u>Payments</u>

In consideration of the release set forth above, the Releasees agree to pay the sums (hereinafter "Funding") outlined below:

Payments due within twenty (20) days following Court approval of settlement pursuant to paragraph 5, below and as follows:

▟▟▟▟▟▟▟ payable to McCann, Dillon, Jaffe & Lamb, PC; and

▟▟▟▟▟▟▟ payable to BHG Structured Settlements, Inc. to fund the periodic payments outlined below.

Following Funding by the Releasees and pursuant to the qualified assignment indicated below, ***BHG STRUCTURED SETTLEMENTS, INC*** will make periodic payments to William Raymond Beisel, IV ("Payee") made according to the Schedule of Payments as follows (the "Periodic Payments"):

▟▟▟▟▟ paid as a lump sum on ▟▟▟▟▟▟ guaranteed
▟▟▟▟▟ paid as a lump sum on ▟▟▟▟▟▟ guaranteed
▟▟▟▟▟ paid as a lump sum on ▟▟▟▟▟▟ guaranteed
▟▟▟▟▟ paid as a lump sum on ▟▟▟▟▟▟ guaranteed
▟▟▟▟▟ paid as a lump sum on ▟▟▟▟▟▟ guaranteed

All the payments set forth herein constitute damages on account of personal physical injuries, arising from an occurrence within the meaning of Section 104(a)(2) of the IRS Code of 1986, as amended.

---

[1] To be clear, Releasors are releasing any and all potential claims of the Minor Plaintiff, William Beisel, IV.

DS
BB

DocuSign Envelope ID: 12C7DCC4-C496-49D8-814C-FCEE6E87AD2B

<u>Qualified Assignment</u>

The parties hereto acknowledge and agree that the Releasees will make a qualified assignment within the meaning of Section 130(c) of the Internal Revenue Code of 1986, as amended, of the Releasees' liability to make the periodic payments required herein. Such assignment, shall be accepted by the Releasors without right of rejection and shall completely release and discharge the Releasees from such obligation hereunder as are assigned to **BHG STRUCTURED SETTLEMENTS, INC.** (the "Assignee"). The Releasors recognize that upon such assignment, the Assignee shall be their sole obligor with respect to the obligations assigned, and that all other releases that pertain to the liability of the Releasees shall thereupon become final, irrevocable and absolute.

If the liability to make the periodic payments is assigned by way of a Qualified Assignment, the Assignee's obligation for payment of the periodic payments is no greater than the obligation of the person originally liable (whether by suit or agreement) for payment and from whom the obligation was assigned.

<u>Releasor's Rights to Payments</u>

Said payments cannot be accelerated, deferred, increased or decreased by the Releasors or any Payee, nor shall the Releasors or any Payee have the power to sell or mortgage or encumber same, or any part thereof, nor anticipate the same, or any part hereof, by assignment or otherwise.

<u>Right to Purchase an Annuity</u>

The Assignee reserves the right to fund its liability to make periodic payments through the purchase of an annuity policy from **BERKSHIRE HATHAWAY LIFE INSURANCE COMPANY OF NEBRASKA** (the "Annuity Issuer"). The Assignee shall be the owner of the Annuity policy and shall have all the rights of ownership. The Assignee may have the Annuity Issuer mail payments directly to the Payee. The Releasors shall be responsible for maintaining the currency of the proper mailing address and mortality information to the Annuity Issuer.

<u>Payee's Beneficiary</u>

Any payments to be made after the death of the Payee pursuant to the terms of this Settlement Agreement and Release shall be made to such person or entity as shall be designated in writing by the said Payee, upon reaching the age of majority, to the Assignee. If no such person or entity is so designated by said Payee, such payments shall be made to the Estate of the Payee. No such designation, nor any revocation thereof, shall be effective unless it is in writing and delivered to the Assignee. The designation must be in a form acceptable to the Assignee, but in no event shall the request of the Payee be unreasonably withheld or denied.

DocuSign Envelope ID: 12C7DCC4-C496-49D8-814C-FCEE6E87AD2B

### Discharge of Obligation

The obligation of the Releasees and their Insurers are discharged upon making the "qualified assignment" as outlined herein.  The obligation of the Assignee to make each Periodic Payment shall be fully discharged upon the mailing of a valid check or electronic funds transfer in the amount of such payment on or before the due date to the last address on record for the Payee with the Annuity Issuer.  If the Payee notifies the Assignee that any check or electronic funds transfer was not received, the Assignee shall direct the Annuity Issuer to initiate a stop payment action and, upon confirmation that such check was not previously negotiated or electronic funds transfer deposited, shall have the Annuity Issuer process a replacement payment.

### Nature of Payments

All sums paid pursuant to this Structured Settlement constitute damages on account of personal injuries or sickness arising from physical injuries that resulted from the allegations made in the Lawsuit and no portion of the proceeds paid under this Structured Settlement represent exemplary or punitive damages nor pre-judgment or post-judgment interest.

### Future Cooperation

All parties agree to cooperate fully and execute any and all supplementary documents and take all additional actions that may be necessary or appropriate to give full force and effect to the terms and intent of this Settlement Agreement, which are not inconsistent with its terms.

**2.    Released Claims and Parties.**  In consideration of the payment outlined in paragraph 1, Releasors agree to release and forever release and discharge any and all past, present and future claims, demands, actions, causes of action, obligations, liens and rights of any nature whatsoever, whether based in contract, tort or other theory of recovery, which Releasors now have on behalf of the Minor Plaintiff against the Releasees, or which may hereafter accrue or otherwise be acquired on account of, or in any way may grow out of the subject matter of the LAWSUIT as set forth above against the Releasees, and their past, current or future officers, directors, employees, executives, vendors and suppliers, along with their respective insurers, and any affiliated entities, parent corporations, subsidiaries, attorneys, heirs, executors, administrators, successors and assigns of the Releasees.

**3.    Release and Discharge.**  In consideration of the payment called for herein, the Releasors completely release and forever discharge the Releasees and any insurers, including but not limited to Indian Harbor Insurance Company and/or ACE American Insurance Company and its administrator, Sedgwick Claims Management Services, Inc, from any and all past, present or future liens, claims, demands, obligations, actions, causes of action, wrongful death claims, rights, damages, costs, losses of services, expenses and compensation of any nature whatsoever, whether based on a tort, contract or other theory of recovery, which the Releasors now have, or which may hereafter accrue or otherwise be acquired, on account of, or may in any way grow out of the subject matter of the LAWSUIT, including, without limitation, any and all known or unknown claims for bodily and personal injuries to the Releasors, or any future wrongful death claim of

BB

DocuSign Envelope ID: 12C7DCC4-C496-49D8-814C-FCEE6E87AD2B

Releasors' representatives or heirs, which has resulted or may result from the alleged acts or omissions of the Releasees as brought in the LAWSUIT.

This Release shall be a fully binding and complete settlement among the Releasors, the Releasees and their insurers, and their heirs, assigns and successors only for the claims asserted in the LAWSUIT.

The Releasors acknowledge and agree that this Release and discharge as set forth above is a General Release in Full of All Claims for the subject matter of the LAWSUIT. Releasors expressly waive and assume the risk of any and all claims for damages which exist as of this date, but of which the Releasors do not know or suspect to exist, whether through ignorance, oversight, error, negligence, or otherwise, and which, if known, would materially affect the Releasors' decision to enter into this Release. The Releasors further agree that they have accepted the payment of the sums specified herein as a complete compromise of matters involving disputed issues of law and fact. Releasors assume the risk that the facts or law may be other than Releasors believe. It is understood and agreed to by the Parties that this settlement is a compromise of a disputed claim, and the payments made herein are not to be construed as an admission of liability on the part of the Releasees, by whom liability is expressly denied.

4.    **Claims Against the Proceeds, Indemnity and Settlement.** Releasors agree to satisfy all liens, subrogation claims, or other rights or interests arising from the subject matter of this claim and which are asserted in or against the above-stated settlement proceeds that pertain directly to the Minor Plaintiff and, further, to defend and indemnify the Releasees, and their insurers, and to hold those parties harmless from any and all liens, subrogation interests, or other rights or claims arising from the subject matter of the LAWSUIT and claims against the proceeds of said action at the time of execution hereof. This includes, but is not limited to, any liens pending or asserted by any government authority, public or private entity, child support liens, medical liens, medical insurance benefits, Medicare or Medicaid liens, bankruptcy assets, attorney liens, Social Security benefits, unpaid medical bills, and the liens of any public agencies providing medical or other assistance including, but not limited to, Victim's Assistance or other welfare. Releasees and/or its insurer(s) shall have no further legal or financial responsibility for any expenses incurred by the Minor Plaintiff and/or Releasors in the past or future. In the event any claim for subrogation or for satisfaction of a lien, claim or lawsuit related to the subject incident is made against Releasees, the Releasors will thereafter defend the claim and hold Releasees harmless from any and all liability, damages, expenses, judgments, costs and attorney's fees in connection with such claims. Pursuant to 42 U.S.C. 1395y et seq. and 42 C.F.R. §41.10 et seq., Releasors acknowledge their duty to respect Medicare's future interests, if any, in this settlement by not unreasonably shifting the health care burden of this claim to Medicare. Any reference in this Agreement to "Medicare" shall include CMS and Medicaid. Releasors and their counsel acknowledge that they have considered the interests of Medicare and warrant in the execution of this Settlement Agreement and Release that no treatment has been rendered to date at the expense or potential expense of Medicare, and, further, that they will, if necessary, allocate sufficient funds from settlement payments referenced herein to satisfy any potential Medicare-covered future medical expenses. The foregoing provisions are specifically intended to prevent the Releasees and the released parties from ever having to make any payment(s), other than the

payment(s) referenced herein to any person(s) or entity(ies) for the injuries and/or damages allegedly sustained by the Minor Plaintiff as a result of the subject claim, or any treatment or benefits received as a result hereof, and to require Releasor to provide full and complete indemnity to the Releasees.

**5.    Payment and Dismissal.** The settlement amount, in full, of ▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮ DOLLARS ("Total Settlement Amount"), will be paid in a single sum and shall be issued within twenty (20) days after the Effective Date of this Release <u>and</u> following both the Court's approval of this settlement <u>and</u> dismissal of the LAWSUIT, <u>with prejudice</u>.

Neither Releasees nor any of their attorneys or representatives have made any representations concerning nor shall they be responsible in any manner for any tax consequences to Releasors or any payees because of the execution of this Settlement Agreement and Release, or of any payments made pursuant to this Settlement Agreement and Release.

All parties to this Agreement recognize that all sums paid pursuant to this Agreement constitute damages on account of personal bodily injuries and/or physical injuries or sickness within the meaning of Section 104 of the Internal Revenue Code of 1986, as amended, and no portion of the proceeds under this agreement represent punitive damages, prejudgment or post judgment interested, or any damages or compensation for any non-physical injuries.

**6.    Confidentiality.**

**(A)** The Parties agree that the facts and circumstances leading up to and surrounding this Settlement Agreement, the settlement of this claim, and the facts and circumstances involved in this matter, shall be kept private and confidential between and among the Parties hereto. This provision is mutual and applies to both Releasors and Releasees. No Party, nor an attorney for or a representative of a Party, shall in any way publish, reveal, disclose, or characterize any terms, information, or details of this Agreement or the underlying circumstances or litigation, including the amount paid, without prior written consent of the other Party. This confidentiality provision prohibits all forms of communication, direct and indirect, about this Agreement and the underlying circumstances and the subject matter of this claim, including any indirect violation or circumvention of confidentiality. In the event of any inquiry about the status of the Parties' dispute, the Parties and their counsel shall respond only by stating that "all claims between the Parties have been resolved."

**(B)** The only exceptions to the confidentiality provision set forth in Section 6(A) are for purposes of Releasors' discussions with (a) attorney Patrick Lamb, Esquire and his staff, (b) Releasors' personal attorneys and/or accountants and tax advisors, (c) any broker, banker or other financial representative or advisor consulted for purpose of investing and/or preserving the settlement funds, (d) governmental agencies where requested or required pursuant to local, state, or federal law or regulation, and (e) Releasees' discussions with their attorneys, and for purposes of Releasees reporting to their insurers, directors, and business leaders, or to its accountants or auditors as may be required by federal, state or local law.

*BB*

DocuSign Envelope ID: 12C7DCC4-C496-49D8-814C-FCEE6E87AD2B

**(C)** The confidentiality provision set forth in this section shall not prohibit communication or disclosures that are required by law or by any liability insurance carrier(s) of Releasees. To the extent any Party deems a communication or disclosure to be required by law or by court order, the communication or disclosure shall be limited to those persons or entities "needing to know" and shall be limited to the specific information requested or ordered.

**(D)** The Parties agree that consideration exchanged for this agreement of confidentiality is the mutual promises of the Parties to maintain the confidentiality and the Parties agree that such consideration is sufficient to fully enforce this agreement of confidentiality. The Parties agree that the consideration for this confidentiality agreement does not include monetary consideration.

7.    **Mutual Non-Disparagement and Incitement of Claims.** The Parties and their counsel mutually agree under no circumstance to disparage, impugn, denigrate, malign, or otherwise speak negatively of each other with respect to any issue or aspect of the subject claim so as to incite claims of this sort to any public outlet or forum. If the Parties incur legal fees and/or costs in enforcing the terms of this non-disparagement and incitement of claims provision, upon resolution of any such dispute, reasonable attorneys' fees and/or costs shall be awarded to the prevailing Party. No part of this Agreement shall preclude either Party from telling the truth during a deposition or in a court of law if so compelled to testify under oath regarding the facts surrounding the subject claim.

8.    **No Admission of Liability.** The Parties agree this Release and the payment made hereunder is made as the settlement of a disputed claim, the liability for which is expressly denied by Releasees, and that this document is a full release of any and all claims Releasors may have against Releasees with respect to the subject matter of this claim as set forth above.

9.    **Warranty of Capacity to Execute Agreement.** The Releasors warrant that no other person or entity has, or has had, any interest in the claims, demands, obligations, or causes of action referred to in this Settlement Agreement, except as otherwise set forth herein; that Releasors have the sole right and exclusive authority to execute this Settlement Agreement and receive the sums specified in it; and that Releasors have not sold, assigned, transferred, conveyed or otherwise disposed of any of the claims, demands, obligations, or causes of action referred to in this Settlement Agreement.

10.    **Representation of Comprehension of Document.** In entering into this Release, the Releasors represent that they have relied upon the advice of their attorneys, who are the attorneys of their own choice, concerning the legal consequences of this Release; and further, that the terms of this Release have been completely read and explained to the Releasors by their attorneys; and that the terms of this Release are fully understood and voluntarily accepted by the Releasors.

BB

DocuSign Envelope ID: 12C7DCC4-C496-49D8-814C-FCEE6E87AD2B

11.    <u>**Resolution of Disputes**</u>.    Should any disputes arise out of the interpretation or implementation of the terms of the settlement, the Parties agree that the dispute shall be mediated by a mediator agreeable to the Parties, who will have full authority to resolve the disputes, either through a mediated resolution, or, in the event that a resolution cannot be reached between the Parties, the agreed upon mediator shall have the authority to arbitrate the issue, which would be final and binding on both Parties.

12.    <u>**Governing Law**</u>.    This Settlement Agreement and Release shall be construed and interpreted in accordance with the laws of the Commonwealth of Pennsylvania.

13.    <u>**Counterparts**</u>.    The Parties to this Release agree that this Release may be executed in counterparts.

14.    <u>**Effectiveness**</u>.    This Settlement Agreement shall become effective immediately following execution by the Releasors.

4836-4597-0928.1 **Page 8 of 10**

DocuSign Envelope ID: 12C7DCC4-C496-49D8-814C-FCEE6E87AD2B

Dated this ___ day of _____, 2021.

_____
William Beisel, III,
On behalf of and as parent and natural
guardian of William Beisel, IV

DocuSign Envelope ID: 12C7DCC4-C496-49D8-814C-FCEE6E87AD2B

Dated this ___ day of _____, 2021.

DocuSigned by:

*Brittany Beisel*

BFA91281DD5B4D9...

Brittany Hawkins,
On behalf of and as parent and natural guardian
of William Beisel, IV